EXHIBIT A

# Weitz & Luxenberg, P.C.

## ATTORNEY-CLIENT NATIONAL CONTINGENT FEE RETAINER AGREEMENT

I, <u>Vincent Darby</u>                    , (hereafter also may be referred to as "Client," "me/us," "you" and/or "my") residing at <u>PO Box 17022 , Hattiesburg, MS 39404</u>
hereby retain and hire **Weitz & Luxenberg, P.C.,** A New York Professional Corporation (hereafter also may be referred to as "Attorney") as my attorney to provide legal services arising through the wrongful conduct and negligence of defendant(s) involved in the manufacture, sale and distribution of the **CPAP (Philips CPAP/BiPAP/Mechanical Ventilator)** I utilized and do give Attorneys the exclusive right to take all legal steps necessary to enforce my claim (hereinafter "Matter"). Under this Retainer Agreement, Attorneys are NOT being engaged to evaluate or file any medical malpractice claims (i.e.: claims against any healthcare provider entity or individual) and such claims will not be evaluated or filed unless a separate, written medical malpractice retainer agreement is signed by both the Client and the Attorneys.

1. **CONDITIONS.** This Attorney-Client Contingent Fee Retainer Agreement (hereafter "Agreement") will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement. In states where Attorney must sign and provide a copy to the client, said retainer is of no effect until client receives back such signed copy. I understand that Attorney, will investigate my possible claim or claims to determine who may be liable for any personal injuries resulting from the Matter. I understand that if after such investigation the claim does not appear to have merit, then this Agreement is canceled. Notice of this cancellation will be effectuated by mail.

2. **SCOPE OF SERVICES.** Client acknowledges and agrees that Attorney have unique experience and resources and desires to utilize their services in the above Matter. Attorney will provide those legal services reasonably required to represent Client. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries.

I understand that Attorney may recommend to me/us that if I cannot meet certain medical criteria or liability criteria, that Attorney will not pursue a formal lawsuit against certain defendants.

I understand that Attorney may recommend to me/us that certain defendants should not be sued, or that my claims should be pursued only administratively in trusts and/or bankruptcy, or that my lawsuit should be filed in a jurisdiction other than where I live or worked.

If a court action is filed, Attorney will represent Client until a settlement or judgment, by way of arbitration or trial, is reached. Attorney will oppose any motion for a new trial or any other post-trial motions filed by an opposing party or will make any appropriate post-trial motions on Client's behalf. This Agreement does not obligate Attorney, to retry the case, to undertake to prosecute an appeal from an adverse verdict, order during the case or judgment entered in flavor of any defendants, or pursue other proceedings to execute or enforce judgments. Attorney retains the sole discretion to agree to perform such services and the prosecution of any such services and the terms upon which the same is undertaken may be the subject of a separate retainer agreement to be negotiated by Attorney and Client.

I do hereby give Attorney the exclusive right to take all legal steps to enforce my claims. I empower Attorney to take all steps in this matter deemed by them to be advisable for the

1

investigation and handling of our claim, including hiring investigators, expert witnesses and/or other attorney and filing any legal action necessary.

I empower Attorney to vote on my behalf in any bankruptcy proceeding or class action relevant to the scope of this representation.

3.      **CLIENT RESPONSIBILITIES**.  Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

I understand and agree that in the event that there is a substitution of me/us as plaintiffs in this action, I assign this Agreement to my heirs/estate representative and state that it is my wish that this Agreement be binding on my respective estate.

I understand and agree that it is my responsibility to keep the firm advised of any changes in my address or telephone number.  I are to advise the firm of any such changes in writing as soon as practicable but, in any event, no later than 30 days after the change.  If I fail to keep the firm so advised, and if I cannot be reached by the firm after "due diligence," as defined below, I authorize the firm, in its sole discretion:

(a)  to compromise or settle this case without further approval from or consultation with us,

(b)  to enter into any binding mediation, arbitration, trial or any other dispute resolution alternatives to compromise or settle our claim, and

(c)  in connection with authority granted under (a) or (b) above, to affix my signature to releases, settlement drafts and other documents as my attorney-in-fact and to distribute finds accordingly, thereafter holding my share of the proceeds in the firm's trust account and after due time, to turn such funds over to an agency handling abandoned client funds.

Due diligence on the part of the law firm to locate the Client, as discussed above, shall consist of the mailing of a certified or registered letter to the Client's last known address.  The firm shall have the authority set forth above if the firm does not receive a response within 7 days of the date of mailing the letter.

I understand that if I later develop an aggravated injury related to this Matter Attorney, may bring a second action against some or all of the defendants.  I understand that it is my responsibility to contact Attorney and inform them of any change in my health related to this Matter.

4.      **LEGAL FEES, COSTS, AND BILLING PRACTICES**.  Attorney will only be compensated for legal services rendered if a recovery is obtained for Client.  If no recovery is obtained, Client will not be obligated to pay for costs, disbursements and expenses, as described in Paragraph 6.  In consideration of the services rendered and/or to be rendered by Attorney, and in the absence of other state law, a court order or administrative claim process in which attorney's fees and costs are otherwise governed, I hereby agree to pay the following fee:

WL NAT'L EXACTECH RETAINER

In consideration of the services rendered and to be rendered by Attorneys, Client agrees to pay Attorneys, and Attorneys may retain or withhold out of the monies that may come into Attorney's hands, whether recovered by suit, settlement or otherwise forty percent (40%) of the gross recovery. The term "gross recovery" means: the total of all amounts received by verdict, settlement or otherwise prior to any deduction and reimbursement for all unpaid costs and expenses, payment of liens (of health care providers or others) or other obligations of the Client set forth in Paragraphs 6 and 7

The amount of attorney fees permitted varies in each instance and in each state, and Attorney agree to be bound by the amount of attorney fees awarded by a court, if such determination is sought, or through the administrative claims procedure, but in no event shall attorney fees exceed the agreed-upon forty (40%) percent.  If the case is filed in a jurisdiction which does not permit, the attorney fees and costs and litigation expenses to be paid to Attorney under this Agreement, same will be the maximum allowable per applicable state law but in no event to exceed forty (40%) percent; and Attorney agree to be so bound by such maximum allowable amounts.

Attorney will incur various costs and expenses in performing legal services under this Agreement.  Client agrees to pay for all costs, disbursements, and expenses paid or owed by Client in connection with this Matter. The reimbursement of all advanced costs and litigation expenses to Attorney, as well as any payment of liens or other obligations of the Client, will be deducted from any gross recovery obtained but only after first subtracting the Attorney' fees from the gross recovery. It is understood in this matter a prior law firm may assert a right of recovery for attorney services provided. Any such recovery/lien will be the obligation of Client.  The term gross recovery does not include any award of sanctions and/or attorney's fee arising out of motions filed in this case which are separate and apart from and will not act as a set-off against any contingent fee and shall be retained by Attorney as a fully earned attorney fee.

I understand that some portions of my case may be handled through class actions, court-approved settlements, administrative or trust claims processing, and/or as a result of bankruptcy proceedings and that the attorney fees and costs and litigation expenses to be paid to Attorney in those situations will be as determined or awarded by order of the court or under the provisions of the court-approved settlement or administrative process.

I understand that payments on judgments, settlements, class actions, court-approved settlements, administrative or trust claims processing, and/or bankruptcy claims may be paid in installments over a period of time.  In this event, I agree that attorney's fees and costs shall be paid as set forth above from each installment or periodic payment.  I further understand that if installment or periodic payment provisions include interest accruing thereon, then the gross recovery includes any interest on any sums due, owing and paid by defendants on gross settlements.

In the event of Attorney' discharge or withdrawal as provided in Paragraph 11, Client agrees that, upon payment of any gross recovery obtained in Client's favor by verdict, settlement or otherwise, Attorney shall be entitled to be paid by Client a reasonable fee for the legal services provided and also be reimbursed for costs and litigation expenses paid by Attorney from the effective date of this Agreement to the date of its termination.

    **5.**    **NEGOTIABILITY OF FEES**.  I understand that the attorney fees set forth above are not set by law but are negotiable between an attorney and client. Client acknowledges that it

3

has the right to opt for Attorney fees to be charged on an hourly basis as opposed to a set contingency fee. Notwithstanding, Client waives this right and agrees to have the aforesaid contingency fee set as Attorney compensation.

**6.**     **COSTS AND LITIGATION EXPENSES.**  Attorney will incur and advance all costs and litigation expenses in performing legal services under this Agreement, and if no there is no gross recovery, I do not owe any costs.  I understand and authorize Attorney to be reimbursed advanced costs and litigation expenses by deducting those costs amounts from any gross recovery, as set forth in paragraph 4.

Costs and litigation expenses are billed at actual cost incurred, except where indicated, and commonly include: Court fees; Witness fees; Jury fees; Deposition expenses; Computer legal research; Service of process; Photo/Xerox paper copying, document preparation and document scanning at cost or $0.20 per page if done in-house; Facsimile charges at ZERO per page (receiving or sending); Mailing (regular and express); Messenger and courier services; Record requests and copying (medical, employment, military, social security, court, etc.); Telephone long distance and conference call services; Mileage (at maximum allowable IRS rate) and parking; Arbitration, mediation, special master and referee fees; Travel expenses (meals, lodging, sundries, all overnight expenses, first or business class transportation if out of city travel required); Expert and consultant fees (doctors, engineers, scientists, economists, corporate, product); Investigator and investigation; Computer, photography, blowups, video, digital and litigation presentation services and associated technical support; and Other costs and expenses not listed above as may be incurred in this matter as necessary.

I understand that at times other costs and litigation expenses may arise in connection with the prosecution and litigation of my claim.  In some instances, those expenses may be limited to a particular defendant and to a particular group of cases.  In other instances, these costs and litigation expenses may be incurred on behalf of all plaintiffs represented by Attorney against one or more defendants, as set forth in paragraph 8 below.  I understand that these costs and litigation expenses will be prorated among such cases.

**7.**     **DISBURSEMENT OF PROCEEDS.**  At the time of disbursement of any proceeds recovered on my behalf, I will receive a breakdown of the gross recovery, attorney' fees and cost reimbursements payable to attorney, and the net settlement proceeds payable to client. Thereafter, I will receive a closing statement detailing the disbursements of attorney fees, costs, other expenses, and payments to me/us that were deducted and/or paid from any recovered proceeds.

Under some circumstances, health insurers, worker's compensation carriers, state or federal government programs (i.e., Medicare, etc.), or others who have paid benefits or provided services on our behalf may claim a right to recover a portion of the proceeds of any action brought on my behalf and may place Attorney on notice of their claim. I understand that such notice may delay payment of proceeds until third party liens are satisfied.

All liens of a kind are to be payable out of the undersigned's share of the recovery and are in no way to reduce or to act as a reduction of the attorney' fee to be paid as herein above mentioned.

4

I understand that, if I are entitled to continue receiving worker's compensation benefits, the worker's compensation carrier may, in addition to exercising a lien based on benefits previously provided, also elect to suspend future benefits due to me/us for a time period corresponding to an amount equal to the amount of my share of the recovery. Additionally, I understand that there may be certain circumstances where worker's compensation benefits may be terminated indefinitely.

**8. APPROVAL NECESSARY FOR SETTLEMENT.** Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. I /We understand that all settlements are contingent upon my acceptance of the amount. Client agrees to consider seriously any settlement offer Attorney recommends before making a decision to accept or reject such offer. I understand that if I reject a settlement offer there is no guarantee that the same or larger amount will be offered in the future.

I understand and agree that upon signing this Agreement, Attorney, will prosecute my claim against various people, entities, manufacturers, distributors, wholesalers, premises owners and/or others who may be liable for any personal injuries resulting from the Matter.

I understand that payment on a settlement by a defendant is contingent upon acceptance by such defendant of my claim. I understand that said offer is contingent upon the presence of certain medical and/or other criteria. I understand and agree that should the facts underlying my claim not meet the criteria established by certain defendants, said defendants may not make an offer in settlement and I authorize my Attorney, to take whatever steps are necessary with regard to said defendants either to prosecute or to surrender my claim.

Potential Conflicts in Joint/Group Settlements. I acknowledge being advised, by virtue of this Agreement, that a conflict of interest may arise or be inherent among those persons in joint representation in legal matters as to allocation of gross recovery and prorated costs and litigation expenses in group settlements, and that that I may seek the advice of an independent lawyer of my own choice before agreeing to waive any conflict of interest. By signing this Agreement, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and—whether or not Client has chosen to consult such an independent lawyer—Client agrees to and hereby does waive any potential or actual conflicts between Client, Attorney and/or any other person in the larger settlement or trial group, and Client authorizes Attorney to enter into aggregate settlement negotiations, allocations and proration of costs and disbursements, and to disclose the amount of our proposed settlement, the nature of our damages and other factors relevant to evaluation of settlement values to other clients whose cases are included in the aggregate of cases.

**9. LIMITATION OF REPRESENTATION.** Attorney is representing Client only on the Matter as set forth in Paragraph 2. Attorney's scope of representation does not include independent or related matters that may arise, including, among other things:

I understand and agree that this Agreement does not obligate Attorney, to provide representation with respect to any claims, liens or assertions of subrogation or reimbursement rights, whether statutory, legal or equitable in nature, made by any healthcare provider, health plan or insurer, government or private benefits program, or any other creditor that is not a party to the personal injury or wrongful death claims described above.

This Retainer Agreement does not obligate Attorneys to file or prosecute an appeal from an adverse verdict, order or judgment entered in favor of any defendants. The filing and prosecution

of any such appeal and the terms upon which an appeal is filed and/or prosecuted may be the subject of a separate retainer agreement to be negotiated between the Client and Attorney.

This Agreement and the fees specified applies only to the handling and prosecution of my personal injury, wrongful death or loss of services claim. If Attorneys are called upon to perform services or represent me in such matters as Estate and Surrogates work, Workers Compensation or Disability claims proceedings or handling any litigation to determine the availability of insurance, or any subsequent proceedings to withdraw funds from any Court-created custody funds it shall be separately compensated for such services based upon an agreement between the client and Attorney.

This Agreement and the fees specified do not apply to any Bankruptcy-related work that Attorneys may have to perform regarding this claim or any portion thereof or related thereto. Attorney shall be entitled to an hourly fee of $300.00 for any Bankruptcy related work, such as applications to become appointed as Special Counsel to a Trustee, submissions of affidavits related to any Bankruptcy matter related to the client or any other work related thereto. Said expenses shall be deemed reasonable and necessary expenses and shall be paid from the clients share of Settlement proceeds. Attorneys shall keep time records for the work performed relative to the Bankruptcy related work.

Liens of any kind will be paid out of the Client's share of the recovery and will not reduce the attorney's fee paid as hereinabove mentioned. Attorneys are not being retained to resolve liens. The Client is hereby apprised and understands that Medicare, Medicaid or private healthcare liens can be best resolved by a specialty firm to ascertain the lien validity and resolve the liens with the lien holders. The Client is hereby apprised and understands that using a specialty firm may significantly reduce any lien that might exist, thus helping to ensure that most of the settlement is received by the Client and not any healthcare lien holder. Understanding the above, this retainer authorizes the Attorneys to refer any such liens to a specialty firm for resolution and the Client agrees that the specialty firm fee will be a cost of the litigation. The specialty firm will be engaged only if there is a recovery and the amount advanced by the Attorney to pay the specialty service as a cost, shall not exceed $950.

The Client understands that if he/she wants a claim filed on his/her spouse's behalf for loss of consortium, the Client's spouse must sign below. If the Client's spouse does not sign below, a claim for the spouse will NOT be filed. The Client understands that if the spouse signs below and a loss of consortium claim is filed, any settlement check will be made out jointly to the Client and the Spouse, unless the settlement specifically awards an amount to a spouse.

If the Client discharges Attorneys and retains other attorneys to substitute Attorneys, proceeds *pro se* (i.e. without a lawyer) or directs that Attorneys close the matter (and, if applicable, dismiss the case), then the Client shall have to immediately pay the Attorneys all costs incurred or advanced by the Attorneys to the date of the discharge or substitution. If the Client retains other attorneys or proceeds *pro se*, the Attorneys shall have the option to have a court, at any time prior or after the conclusion of the case, fix a percentage of any recovery as the Attorneys fee.

**10.      ASSOCIATE COUNSEL.** I understand that the law offices of Attorney, in its discretion may associate with another qualified attorney or attorney competent to handle this matter and may be compensated out of the attorney fees earned under this Agreement. This association and division of fees will not increase the fee due nor will not affect or decrease my

6

recovery and will be disclosed in any disbursement breakdown or closing statement.

I understand that in the course of this litigation it may be necessary for Attorney to retain other counsel, to pursue recovery from insurance companies who hold policies of now insolvent defendants. This outside counsel may be necessary to:

(a) to conduct extensive analyses of insurance policies to determine whether and how much coverage exists. to

(b) research relevant authorities to determine whether any insurance defenses may bar or limit coverage; to

(c) prepare a comprehensive litigation and settlement strategy that integrates both pursuit of the underlying tort judgments and the insurance coverage; to

(d) engage in extensive discovery and discovery disputes; to

(e) retain local counsel and an insurance strategy consulting firm; to

(f) create databases and complex models to calculate liability and the allocation of liability under different scenarios.

**11. DISCHARGE AND WITHDRAWAL**. Client may discharge Attorney at any time, upon written notice to Attorney. Attorney may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this Agreement, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, failure to meet certain medical and exposure requirements, or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

Notwithstanding the Attorney's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client understands and agrees that Client will remain obligated to pay Attorney for all costs incurred prior to the termination and that Client remains obligated to pay Attorney for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge or withdrawal in the event that there is any gross recovery obtained by Client after the date of discharge or withdrawal.

**12. CONCLUSION OF SERVICES**. When Attorney's services conclude, all unpaid attorney fees and costs and litigation expenses will immediately become due and payable. Attorney is authorized to use any funds held in Attorney's trust account to apply to such unpaid charges. I understand that the file and any materials compiled by Attorney, during the course of our representation will remain the property of Attorney, upon the conclusion of the representation.

**13. LIEN**. Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this Agreement. Attorney's lien will be for any sums owing to Attorney for any unpaid costs, or attorney' fees, at the conclusion of Attorney's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. I acknowledge being advised, by virtue

of this Agreement, that because a lien may affect my property rights, Client may seek the advice of an independent lawyer of Client's own choice before agreeing to such a lien.  By signing this Agreement, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and—whether or not Client has chosen to consult such an independent lawyer—Client agrees that Attorney will have a lien as specified above.

**14.     DISCLAIMER OF GUARANTEE**.  Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter.  Attorney's comments about the outcome of this matter are expressions of opinion only.  Client acknowledges that Attorney has made no promise or guarantees about the outcome.

Client understands this Retainer is subject to investigation.  Attorneys may reject the Client's case and cancel this Retainer Agreement after investigation.  The Client understands that if at any time before filing of an action it is discovered that the Client's claim is without merit, then Attorneys may reject the case and cancel this Retainer Agreement.  If the claim is discovered to be without merit after an action is filed, then Attorneys may ask the Client to dismiss the action or allow Attorneys to withdraw as counsel.  If the Client does not consent to dismissal or withdrawal, the Client understands that Attorneys will, under those circumstances, seek permission from the court to withdraw as counsel.  However, if Attorneys discover that the claim is without merit, the Client will still NOT be responsible for any costs incurred to date and that the Attorneys requests that Client either dismiss the action or permit Attorneys to withdraw as counsel.  Except as provided herein, the rights of the Client to discharge Attorneys at any time or for Attorneys to move to withdraw as counsel are not otherwise modified.

**15.     EFFECTIVE DATE**.  This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services.  The effective date of this Agreement is the date on which this Agreement is signed by Client.  From that date, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client as outlined in the Agreement.

By signing below, Client acknowledges he/she has read and understood the foregoing and agrees to the terms of this Retainer Agreement.

I HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.  IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.  THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

DATE: 06/21/2022 (UTC-05:00)

SIGNATURE: *Vincent Darby*

SIGNATURE:

FOR WEITZ & LUXENBERG:

8