**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: Vincent Bernard Darby, Debtor** **Case No. 24-50130-KMS**
**CHAPTER 13**

**MOTION TO APPROVE SETTLEMENT, COMPENSATE SPECIAL COUNSEL AND AUTHORIZE DISTRIBUTION OF PROCEEDS**

COMES NOW, Thomas C. Rollins, Jr., attorney for Weitz & Luxenberg PC and Ben Crump Law PLLC (collectively referred to as "Special Counsel"), and files this Motion to Approve Settlement, Compensate Special Counsel and Authorize Distribution of Proceeds and in support thereof, would show to this Honorable Court as follows, to-wit:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. That the Court has authority to allow Special Counsel compensation and to pay the same as authorized by 11 U.S.C. § 330.

**SETTLEMENT TERMS AND DISTRIBUTION OF PROCEEDS**

3. On or about July 2, 2026, Weitz & Luxenberg PC and Ben Crump Law PLLC were employed as Special Counsel (Dk# 54) to represent the Debtor in a personal injury claim that arose from injuries Debtor sustained from the use of a defective CPAP device. The personal injury claim is part of the Philips Respironics Personal Injury Settlement Program ("Claim"). The Debtor and Special Counsel agreed to a contingency fee of 40% plus expenses incurred related to the Claim. Attached hereto as Exhibit A is the Settlement Balance Statement detailing the distribution of the gross settlement proceeds.

4. The Claim is now settled in the gross amount of $23,066.40. The settlement is fair and in the best interest of the Debtor and the bankruptcy estate.

5. Special Counsel requests settlement approval and authority for the settlement proceeds to be distributed as follows:

a. Gross Attorney's Fees: $9,226.56. Pursuant to the applicable Court ordered MDL assessment fee, the amount of $2,168.24 will be deducted from the gross attorney's fee, resulting in net attorney compensation in the amount of $7,058.32 that is to be shared equally between Weitz & Luxenberg PC and Ben Crump Law PLLC ($3,529.16 each).

b. Expenses incurred related to the litigation to be reimbursed to Weitz & Luxenberg PC: $409.54

c. Amounts to be withheld by the Settlement Administrator, BrownGreer from the settlement proceeds in the aggregate amount of $6,881.83 for:

i. Medical Lien Holdback Reserve: $6,243.43, to be held by the Settlement Administrator, BrownGreer, pending final resolution and payment of medical liens.

ii. Medical Lien Administration Fee: $500.00

iii. Court-Ordered MDL Expenses: $138.40

d. Current Net Settlement Proceeds to be paid to the Chapter 13 Trustee for administration in the Debtor's bankruptcy case pursuant to further order of this Court: $6,548.47

Upon final resolution and payment of all medical liens, any unused portion of the $6,243.43 Medical Lien Holdback Reserve, together with any other settlement proceeds thereafter released or refunded, shall be remitted directly to the Chapter 13 Trustee for administration in the Debtor's bankruptcy case.

**COMPENSATION OF SPECIAL COUNSEL**

6. That Applicant has taken into consideration the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 499F.2d 714 (5th Cir. 1974), made applicable to proceedings in this Court by the decision in *In Re First Colonial Corp. of America,* 544 F. 2d, 1291 (5th Cir., *cert. denied,* 97 S. Ct. 1696 [1977]), in establishing a reasonable request for compensation. The fee is reasonable in light of the requirements that bankruptcy estates be administered as economically as possible and that all the services rendered are of a legal nature requiring the services of an attorney.

7. To a certain extent, other employment was precluded by services rendered in that at certain periods of the administration of this bankruptcy, the legal representation of the bankruptcy estate prevented the attorneys from working on other cases.

8. Special Counsel was employed by Order of this Court on July 2, 2026 and is authorized to render the services for which compensation is sought.

9. The contractual contingency fee is 40% of the gross settlement, or $9,226.56. Pursuant to the applicable Court Ordered MDL assessment fee, $2,168.24 will be deducted from the gross attorney's fee, leaving net attorney compensation in the amount of $7,058.32 to be shared equally between Weitz & Luxenberg PC and Ben Crump Law PLLC.

10. Special Counsel also requests reimbursement of $409.54 in necessary expenses related to the litigation to Weitz & Luxenberg PC.

11. The requested 40% contingency fee is reasonable and falls within the range of customary attorney's fees for this type of matter.

WHEREFORE, the undersigned requests that this Motion be received and filed and that an Order be entered approving the settlement, compensation, and distribution of proceeds described above, including remittance of the net settlement proceeds to the Chapter 13 Trustee and any unused Medical Lien Reserve or other settlement proceeds later released or refunded, and granting such other, further, and general relief to which Special Counsel may be entitled.

Respectfully submitted,

BY: /s/ Thomas C. Rollins, Jr.

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Motion to Approve Settlement, Compensate Special Counsel and Authorize Distribution of Proceeds was forwarded on September 22, 2026 to:

By Electronic CM/ECF Notice:

Chapter 13 Case Trustee

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)